UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MELVIN BUCKLEY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 3:03cv0621 AS |
| | ) | |
| **CECIL DAVIS, and** | ) | |
| **LINDA VANNATTA,** | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM OPINION AND ORDER*

This court takes full judicial notice of the entire record in this case. This case was filed pro se by Melvin Buckley on or about August 27, 2003, now almost exactly two years ago. His pro se complaint purports to allege claims under 42 U.S.C. § 1983, and invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). After numerous proceedings, the defendants filed a motion for summary judgment on August 10, 2005, and very carefully complied with the procedural demands of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and its progeny. This pro se petitioner filed a response on September 13, 2005 and a motion to strike.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th

Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue.

2

*Anderson*, 477 U.S. at 252-55.  Applying the above standard, this Court addresses defendants' motion.  The plaintiff's motion to strike filed September 13, 2005 is now **DENIED**.

The facts are not in serious dispute.  This plaintiff is incarcerated as an inmate at the Indiana Department of Corrections.  He desires to correspond with a relative who is incarcerated in a correctional facility in the State of Texas.  There are regulations of the Indiana Department of Corrections which restrict such species of correspondence.  The fundamentally important question here is whether those regulations will survive constitutional scrutiny under *Turner v. Safley*, 482 U.S. 78 (1987).  For relevant progeny of *Turner*, *see Al-Alamin v. Gramley*, 926 F.2d 680 (7th Cir. 1991), and *Williams v. Lane*, 851 F.2d 867 (7th Cir. 1988), *cert. denied*, 488 U.S. 1047 (1989).  The short answer is that the regulations pass constitutional muster under *Turner*.  The regulation involved attempts to ameliorate the family relationships by creating an exception for "immediate family members."  The nephew in question does not fit squarely into "immediate family members."  The regulation in question does not violate the Constitution of the United States, including the Fourteenth Amendment and the First Amendment on its face.

There is no indication in this record that the defendant, LindaVanNatta, was personally involved in any decision to deny this plaintiff's request for correspondence with his nephew while the latter was incarcerated.  In fact, it is for that reason alone that the complaint should be **DISMISSED** as to her.  This court has carefully reviewed the sworn

3

declaration of this petitioner filed September 13, 2005 and no mention is made there of Linda VanNatta. Another filing made on September 13, 2005 does mention her.  That filing is labeled by this petitioner as a "Declaration," but is not sworn to.  In deed it does not appear to have been signed under Rule 11, Fed.R.Civ.P.  It is also interesting to note that nowhere in these filings is any mention made of *Turner v. Safley*, 482 U.S. 78 (1987), which is at the heart of the federal constitutional issue here.

This court has given close attention to the constitutional issues implicit in this case and believes that the overriding constitutional value is that reflected in *Turner*.  For these reasons, summary judgment should be **GRANTED** in favor of the defendant, Cecil Davis, and against the plaintiff, Melvin Buckley.  Each party is to bear its own costs.  The Clerk shall enter judgment accordingly.  **IT IS SO ORDERED**.

**DATED:** September 16, 2005

                                        S/ ALLEN SHARP
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**